### DAVID BROWN v. TOLEDO & OHIO CENTRAL RAILWAY Co.

1. RESPONSIBLE FOR INJURIES ON PROPERTY NOT CONTROLLED BY COMPANY.

A railway company is responsible for injuries sustained by a section hand while working under direction of a section boss, on a private track not owned by the railway company, but connected with its line, if such employee supposed, or had reason to suppose, the track was to be kept in repair by such railway company and if the injuries sustained would give such employee a cause of action if they had been received while at work upon the company's own property.

2. ORDERS OF SECTION BOSS SUFFICIENT AUTHORITY.

And where it appears that such employee was directed by his section boss to repair the track in question, and was injured while so engaged, it might be assumed that such employee took that order as authority that the railway company had directed the order, and the work would be assumed to have been within the line of the employee's duty.

3. PLAINTIFF PRECLUDED BY HIS OWN PLEADING.

But where such employee, in his petition, alleges that the work he was directed to perform, and in doing which he received the injuries complained of, was upon a private track, which was no part of defendant's railroad, and was out of and beyond the scope of his duties as defendant's employee, the presumption, from these allegations, must be that the facts were known to such employee, where he was directed to do the work and was injured, and he can not recover.

ERROR to the Court of Common Pleas of Lucas county.

KING, J.

This suit was brought by David Brown against the Toledo & Ohio Central Railway Company, upon two causes of action, for injuries sustained by the plaintiff on account of alleged negligence of the defendant. These were separate injuries. The transactions occurred about two years apart. A trial was had upon the issues joined, and, under the evidence offered as to the first of these causes of action, a verdict was rendered in favor of the defendant.

On the second cause of action, the court refused to hear the evidence, upon the ground that the second cause of action did not state facts sufficient to constitute a cause of action in the plaintiff's favor; so that the question, and the only question is: Was there a valid and good cause of action, upon which the court should have permitted the plaintiff to go on and offer evidence, which the bill of exceptions shows he was ready to offer?

He alleges, in the second cause of action, that in June, 1894, he was in the employ of defendant on its railroad between Toledo and Bowling Green, and was working as a section man, under the control, supervision and direction of the foreman of the section gang, who was superior in authority to him. He also alleges that at Lime city there was located a quarry, and in said quarry a track, upon which to run cars, which track he alleges was a private track and no part of the defendant's line of road, and which track was poorly built, but was connected with defendant's road by a switch, belonging to the defendant, which switch and private road were used by the defendant theretofore for the switching

and transporting of cars to and upon defendant's railroad. So far, in the allegations of this petition, we have no intimation that this private track had anything to do with the cause of plaintiff's complaint, but the allegations are that the plaintiff was in the employ of defendant as a section man, under control of the section foreman, that there existed at a certain place a private track, not owned by defendant, but theretofore used by defendant in switching and transporting cars to and upon its own track.

Plaintiff next alleges that the foreman in charge ordered him to remove a stone under the rail of said track, in the quarry, which he alleges was outside of and beyond the duties of plaintiff; that while he was performing the work mentioned, he was injured by certain negligent commands of the foreman, given in and about removing the stone under the rail of the quarry track.

It is argued by counsel for the plaintiff in error, and cases are cited to us supporting the argument, that if plaintiff was ordered to work on property other than defendant's, by a foreman or other person in charge who appeared to have authority to make such an order, and the plaintiff obeyed such an order supposing that it was a proper order to be given and a proper one to be obeyed, and he was injured on account of any negligence in the performance of that order, he would have a right or cause of action against the defendant; in other words, the defendant would be responsible although in fact the work was done outside of and beyond the actual legal duties and relations of the parties. We concede that such is the law. If plaintiff, supposing that it was the duty of his employer to keep this track in repair and hence that it was his duty as defendant's employee to go to this place, and if so directed by the proper foreman, he would have a cause of action if injured under circumstances which would give him a cause of action if the work were done upon defendant's own property; in other words, he would not be deprived of his right of action because the work was done upon the place or upon property in fact not controlled and not owned by defendant.

But the plaintiff in his petition does not state that kind of a cause of action. The pleader has carefully alleged that this was a private track and that plaintiff's work thereon was out of and beyond his duties as defendant's employee. Presumably this was known to him at the time, at least that is the inference from the form of the allegation in the petition. If so, if he went outside of his duties and beyond the scope of his employment, and knew it, it is certain he cannot recover; and that is the plain inference of the language employed by the pleader in drafting this cause of action.

That the facts, which he has to some extent set forth, might have been correct, and if properly pleaded, without the violation of the truth in any way, would constitute a good cause of action, we do not doubt; since it may well be assumed, if the proper allegation were there, that an employee directed by a section boss to do work would take that order as authority, or as a presumption of authority, that the section boss' employer had directed him to give such an order and so it would be conceded that it was within the line of his duty. But here we are not permitted to allow any such presumption or inference because the pleader has carefully said this was not the railway company's property and the private track he was ordered to work on, was outside of, and beyond

his duties as an employee of the railroad company, and having so placed himself in the case, we cannot aid him at this time, and, therefore, the judgment of the common pleas will be and is hereby affirmed.

Exceptions will be noted.

*W. Stilwell* and *A. G. Duer*, for plaintiff in error.

*Doyle & Lewis*, for defendant in error.